**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-4373**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL KENNETH YOUNG, a/k/a Mizzle,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:15-cr-00051-MBS-1)

Submitted: July 20, 2023                                    Decided: August 2, 2023

Before GREGORY, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** W. Michael Duncan, DUNCAN & HEYDARY LAW, PLLC, Greensboro, North Carolina, for Appellant. Adair F. Boroughs, United States Attorney, Benjamin Neale Garner, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Kenneth Young appeals the 180-month sentence imposed upon resentencing following his conviction on two counts of possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), (e) (2018).  On appeal, Young argues that, on the facts of this case, his sentence—the mandatory minimum sentence required by the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA)—violates the Eighth Amendment.  We affirm.

Because Young did not raise a constitutional challenge to his sentence in the district court, our review is for plain error.  *See United States v. Miller*, 41 F.4th 302, 310 (4th Cir. 2022) (explaining that unpreserved constitutional challenges are subject to plain error review).  "A term-of-years prison sentence such as [Young's] may violate the Eighth Amendment's prohibition on cruel and unusual punishment when it is disproportionate to the crime for which it is imposed."  *United States v. Ross*, 72 F.4th 40, 51 (4th Cir. 2023) (internal quotation marks omitted).  This standard "forbids only extreme sentences that are grossly disproportionate to the crime."  *Id.* (internal quotation marks omitted).  We follow a two-step test to determine whether a sentence is grossly disproportionate; the first step of that analysis requires us to "conduct[] a threshold comparison of the gravity of the offense and the severity of the sentence and ask[] whether that comparison leads to an inference of gross disproportionality."  *Id.* (internal quotation marks omitted).  It is "rare" for this step to be satisfied, *id.* (internal quotation marks omitted), and "the Supreme Court has instructed that rational legislative judgments to impose harsh sentences for serious offenses generally are entitled to deference in the proportionality analysis," *id.* at 52 (cleaned up).

2

Upon review, we conclude that Young's 180-month mandatory minimum sentence does not plainly violate the Eighth Amendment. *See id.* at 51 (collecting cases); *see also United States v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995) ("[A] fifteen-year sentence under ACCA is neither disproportionate to the offense nor cruel and unusual punishment, and thus does not violate the Eighth Amendment."), *abrogated on other grounds by Johnson v. United States*, 559 U.S. 133 (2010); *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (holding that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense"). We therefore affirm the criminal judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED*